UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:                                                              Case No. 17-51799

GARY LONCZYNSKI,                                                    Chapter 7

           Debtor.                                       Judge Thomas J. Tucker
_____/

## ORDER DENYING MOTION FOR RECONSIDERATION
## FILED BY DAIRSHUN MCMURRAY

    This case is before the Court on Dairshun McMurray's motion entitled "Motion for Reconsideration Pursuant to LBR 9024-1(a)" (Docket # 33, the "Motion). The Motion seeks partial reconsideration of, and partial relief from, the Court's order entitled "Order Granting, in Part, Debtor's Motion to Compel Turnover of Property of the Estate, Etc.," filed November 8, 2017 (Docket # 22, the "November 8 Order").

    The Court will deny the Motion, for the following reasons.

    **First**, the Court finds that the Motion fails to demonstrate a palpable defect by which the Court and the parties have been misled, and that a different disposition of the case must result from a correction thereof. *See* E.D. Mich. LBR 9024-1(a)(3).

    **Second**, the Court finds that the Motion does not demonstrate any valid ground for relief from the November 8 Order, including any excusable neglect under Fed.R.Civ.P. 60(b)(1), Fed.R.Bankr.P. 9024, any ground under Fed. R. Civ. P. 59(e), Fed. R. Bankr. P. 9023, or any other valid ground for relief from the Order.

    **Third**, the Motion alleges, but fails to demonstrate, that the court address used by the Debtor to serve the Debtor's motion and related papers (Docket # 9) — *i.e.*, 2 Woodward Ave., Detroit, MI 48226 — was an improper address for service on McMurray. As Debtor's response

to the Motion (Docket # 35) and its Exhibit A shows, that is the address of the state court where McMurray serves as a Court Officer. And it is also the address of the state court that issued the order to seize the Debtor's property that Court Officer McMurray executed upon. (*See* Docket # 9, Ex. 6).

**Fourth**, for the above reasons, the Court finds and concludes that McMurray was given notice of the Debtor's motion, and an opportunity to be heard on it, which was sufficient to satisfy McMurray's due process rights. In the words of one of the Supreme Court's leading due process cases, the notice of Debtor's motion was "reasonably calculated, under all the circumstances, to apprise [McMurray] of the pendency of the action and afford [him] an opportunity to present [his] objections." *See Haffey v. Crocker* (*In re Haffey*), __ B.R. __, 2017 WL 5710561 (B.A.P. 6th Cir., November 28, 2017) at *4-5 (quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314-15 (1950)).

**Fifth**, even if the Court were to find that the service on McMurray was not proper, and/or even if McMurray was not actually aware of the Debtor's motion before the Court held the hearing and entered its Order on November 8, 2017, any such error is harmless, and therefore would not entitle McMurray to any relief from the November 8 Order. *Cf. Haffey v. Crocker, supra,* at *6-9 (a party is not entitled to relief for a due process violation if the violation was harmless; *i.e.*, if the violation caused no prejudice). This is because the Motion fails to allege any facts, or present any argument, which would constitute a valid defense against any aspect of the Court's November 8 Order.

McMurray's own affidavit, which the creditor filed with this Court on October 13, 2017 (Docket # 14, Ex. 3), shows that McMurray was aware of the Debtor's bankruptcy case at all

2

times beginning on August 22, 2017, yet thereafter continued to violate the automatic stay by failing to promptly turn over the Debtor's seized property to either the Chapter 7 Trustee or to the Debtor. (*See* Affidavit, paragraphs 10, 11, 13), For the reasons stated by the Court on the record during the November 8, 2017 hearing, that constitutes a willful violation of the automatic stay by McMurray under 11 U.S.C. § 362(k)(1). McMurray's allegation that he continued to hold all of the Debtor's seized property, despite knowing of the Debtor's bankruptcy filing, because of a request or instructions from the creditor's attorney, is not a valid defense to the Debtor's claim of a willful stay violation. McMurray had an independent duty not to violate the automatic stay; put another way, the automatic stay applied to McMurray just as it applied to the creditor.

For these reasons, even if McMurray had filed a written response and/or appeared at the November 8, 2017 hearing, and therein made the arguments he now makes in his motion for reconsideration, the result, in the form of the November 8 Order, would have been exactly the same. McMurray's Motion, therefore, fails to demonstrate any valid basis for the Court to modify the November 8 Order in any way.

Finally, the Court notes the Debtor's request for an award of additional attorney fees against McMurray, for the Debtor having had to respond to McMurray's Motion. This fee request is contained in the Debtor's written response to the Motion (Docket # 35 at 10). In its discretion, the Court will deny this request. In part, at least, this denial is because the Debtor could have avoided the need to respond to McMurray's Motion altogether, if the Debtor had simply served his September 27, 2017 motion and related papers (Docket # 9) on McMurray by mailing them to McMurray's address on the mailing matrix for this case, either instead of or in addition to the court address the Debtor used for service. If that had been done, the Court would

3

not have ordered the Debtor to file a written response to McMurray's Motion, and, therefore, no response to the Motion would have been permitted, under E.D. Mich. LBR 9024-1(a)(2). Or in the alternative, McMurray might not have filed a motion for reconsideration in the first place.

Accordingly,

IT IS ORDERED that the Motion (Docket # 33) is denied.

IT IS FURTHER ORDERED that the Debtor's request for an award of additional attorney fees against Dairshun McMurray, for the work of Debtor's attorneys in preparing and filing the Debtor's written response to the Motion (Docket # 35), is denied.

**Signed on December 6, 2017**

/s/ Thomas J. Tucker
**Thomas J. Tucker**
**United States Bankruptcy Judge**